OPINION
Defendant-appellant Seth T. Nelson appeals his conviction and sentence from the Tuscarawas County Court of Common Pleas on one count of felonious assault in violation of R.C. 2903.11(A)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 24, 1994, appellant Seth Nelson was arrested and charged in Case Number 94CR120322 with attempted murder in violation of R.C. Sections 2903.02 and 2923.02. The charge stemmed from the knifing of Clifford Sinclair. The New Philadelphia Municipal Court conducted a preliminary hearing on December 2, 1994. Pursuant to a Journal Entry filed on the same date, the New Philadelphia Municipal Court bound appellant over on one charge of felonious assault in violation of R.C. 2903.11(A)(1) and (2). Thereafter, on December 22, 1994, the Tuscarawas County Grand Jury indicted appellant on one count of attempted murder. A jury trial was scheduled for January 31, 1995. On January 19, 1995, appellant filed a motion to continue the trial date and a waiver of time. Pursuant to a Judgment Entry filed on January 30, 1995, the trial court granted appellant's motion and continued the trial until February 28, 1995. Appellee, on February 6, 1995, filed a motion to continue the trial date. The trial court, pursuant to an order filed on February 23, 1995, granted appellee's motion and continued the trial date until April 25, 1995. Subsequently, a jury trial commenced on April 25, 1995. Upon completion of the testimony, the trial court instructed the jury on both attempted murder and felonious assault. After concluding its deliberations, the jury found appellant not guilty of attempted murder but guilty of felonious assault. Pursuant to a Judgment Entry filed on June 29, 1995, appellant was sentenced to a definite term of five (5) to fifteen (15) years in prison. Appellant filed a Notice of Appeal. Pursuant to an Opinion filed on August 6, 1996, in State v. Nelson (1996), 122 Ohio App.3d 309, this court reversed appellant's conviction finding that the trial court had erred in giving a lesser included offense instruction on felonious assault. This court specifically found the felonious assault was not a lesser included offense of attempted murder. This court, while reversing appellant's conviction and ordering appellant's discharge, further ordered that appellant's discharge be stayed until appellee had an opportunity to file an appeal with the Ohio Supreme Court. Thereafter, appellee filed a timely notice of appeal with the Ohio Supreme Court. On May 20, 1998, the Ohio Supreme Court dismissed appellee's appeal as having been imprudently allowed. See State v. Nelson (1998), 82 Ohio St.3d 1207
. Appellant remained incarcerated during such time. Thereafter, on May 26, 1998, the Tuscarawas Grand Jury indicted appellant on two counts of felonious assault in violation of2903.11, both aggravated felonies of the second degree, in Case No. 1998CR050106. At his arraignment on May 29, 1998, appellant entered a plea of not guilty to the charges contained in the indictment. A Judgment Entry memorializing appellant's not guilty plea was filed on June 3, 1998. Appellant, on June 22, 1998, filed a "Motion to Dismiss for Due Process, Lack of Speedy Trial and Double Jeopardy." Appellant, in his motion, specifically requested that "the charges contained herein be dismissed for the reason that they are based upon alleged conduct for which he has been previously tried and eventually released." Appellant also argued that "the return of a new indictment for these charges three years after the incident violates defendant's double jeopardy, right to a speedy trial and right to due process." A Memorandum in Opposition to appellant's Motion to Dismiss was filed by appellee on July 9, 1998. The trial court, pursuant to a Judgment Entry filed on July 22, 1998, overruled appellant's motion to dismiss the indictment without setting forth its findings of fact or conclusions of law. A "Motion for Reconsideration and Request for Findings of Fact and Conclusions of Law" was filed by appellant on October 15, 1998. Appellant specifically requested that the trial court issue findings of fact and conclusions of law regarding its denial of appellant's Motion to Dismiss "due to the rather complicated and difficult issues in this matter." However, the trial court, pursuant to an entry filed twelve days thereafter, denied appellant's Motion for Reconsideration and Request for Findings of Fact and Conclusions of Law. On January 11, 1999, appellant entered a plea of no contest to one count of felonious assault in violation of R.C. Section 2903.11(A)(2). The second charge of felonious assault contained in the indictment was dismissed by appellee. Thereafter, the trial court found appellant guilty of one count of felonious assault in violation of R.C.2903.11(A)(2), an aggravated felony of the second degree. Appellant was sentenced by the trial court on the same date to five (5) to fifteen (15) years in prison. A Judgment Entry memorializing appellant's change of plea and sentencing was filed on January 12, 1999. In addition, a written Acknowledgment of No Contest Plea signed by appellant was filed on the same date. It is from his conviction and sentence on one count of felonious assault in violation of R.C. 2903.11(A)(2) that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT SINCE APPELLANT HAD PREVIOUSLY BEEN IN JEOPARDY FOR THE "SAME OFFENSE" WITHIN THE MEANING OF THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT SINCE APPELLANT HAD NOT BEEN BROUGHT TO TRIAL WITHIN THE TIME LIMITS ESTABLISHED BY O.R.C. SECTION 2945.71.
 I
Appellant, in his first assignment of error, maintains that the trial court erred in failing to dismiss the indictment since appellant had previously been in jeopardy for the same offense. Appellant specifically contends that "the first indicted charge of attempted murder proceeded to trial, jeopardy attached, and the defendant was acquitted. The prosecutor is now barred from bringing the previously unindicted allied offense — and legislative intended lesser included offense — charges based on . . . double jeopardy principles. . . ." The Fifth Amendment to the United States Constitution states that "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb. . . ." The Fifth Amendment has been made applicable to the states through the Fourteenth Amendment. Similarly, Article I, Section 10 of the Ohio Constitution provides "that no person shall twice be put in jeopardy for the same offense." The guarantees against double jeopardy contained in both the United States and the Ohio Constitutions protect against both successive punishments and successive prosecutions for the same offense. United States v. Dixon (1993), 509 U.S. 688. The issue in this matter, therefore, is whether felonious assault and attempted murder constitute the "same offense" for double jeopardy purposes. We find that they do not. As is stated above, this court previously in State v. Nelson (1996), 122 Ohio App.3d 309 held that felonious assault is not a lesser included offense of attempted murder. This court, in so holding, specifically held as follows: "Murder is defined in R.C.2903.02(A) as `No person shall purposely cause the death of another.' The particular section of felonious assault charged by the trial court was R.C. 2903.11(A)(2), which provides:
(A) No person shall knowingly:
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
We specifically acknowledge that the 1974 Legislative Service Commission Comment to 1972 Am.Sub. H.B. No. 511 states felonious assault is a lesser included offense of attempted murder:
This section [R.C. 2903.11, felonious assault] is a lesser included offense to attempted murder, which is a felony of the first degree. See, section 2923.02. For example, if with purpose to kill, an offender shoots and wounds another, he may be charged with attempted murder. If it is not clear that the offender had a murderous purpose, his act may be an offense under this section.
However, in State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph three of the syllabus, the Supreme Court of Ohio set forth the test to be employed in determining what is a lesser included offense:
An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)
The syllabus in Deem supersedes the Legislative Commission Comment as authority and directs our analysis.
R.C. 2903.11(A)(2), felonious assault, contains elements which are similar to attempted murder. However, they differ in [701 N.E.2d 751] two respects. The first concerns the requisite state of mind or mens rea of the offender. Attempted murder's culpable mental state is purposely, whereas felonious assault's culpable mental state is knowingly. Because proof of purpose is sufficient to prove any lesser degree of knowledge, this first difference between the two charges meets the Deem test. See R.C. 2901.22(E) and the Comment to Am.Sub.H.B. No. 511.
The second difference between the elements of the two charges is that attempted murder requires an attempt to cause the death of another whereas under subsection (A)(2) of felonious assault, there must be an attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance. Though an attempt to murder another certainly would always include an attempt to cause physical harm to such other, subsection (A)(2) of felonious assault requires the additional element that a deadly weapon or dangerous ordinance be used in the attempt to cause the physical harm. Such element is not required in attempted murder.
It is tempting to conclude, because the appellant herein used a deadly weapon in causing physical harm to Mr. Sinclair, the facts sub judice meet the Deem test. However, in State v. Koss (1990),49 Ohio St.3d 213, the Ohio Supreme Court instructs that this "facts of the case" analysis is to be undertaken only after the Deem test is first met. Koss specifically directs that "the facts and evidence of a particular case become pertinent only after the court first finds that the offense indeed is a lesser included offense." Koss, supra, at 218, emphasis added. See also State v. Kidder (1987), 32 Ohio St.3d 279.
Koss does not prohibit analysis of hypothetical facts in determining whether the greater offense can be committed without the lesser offense necessarily also being committed. Deem's use of the word "ever" in syllabus three does more than invite such hypothetical analysis, it requires it. Because attempted murder can sometimes be committed without committing felonious assault under subsection (A)(2) (e.g., attempt to push someone out of a window), syllabus three of Deem mandates reversal." Id. at 303-315. Based on the foregoing, felonious assault is not a lesser included offense of attempted murder. Appellant, in his brief, also contends that felonious assault and attempted murder are allied offenses of similar import. Appellant relies on R.C.2941.25(A) which states as follows:
 "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
Appellant specifically argues that since he previously was acquitted of the first indicted charge of attempted murder in case number 94CR120322, the prosecutor cannot now indict appellant for felonious assault in case number 1998CR050106 without violating the constitutional guarantees against double jeopardy since felonious assault is a previously unindicted allied offense of similar import. The Ohio Supreme Court in State v. Rance (1999),85 Ohio St.3d 632, recently reiterated the test to be applied in determining whether two offenses are allied offenses of similar import. In Rance, the Ohio Supreme Court stated as follows:
 "If the elements of the crimes correspond to such degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 636, quoting State v. Jones (1997), 78 Ohio St.3d 12, 13.
Pursuant to Rance, supra, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. If the elements do not so correspond that the commission of one crime will result in the commission of the other, the offenses are of dissimilar import and the court's inquiry ends. Rance, supra at 636. In the case sub judice, appellant was originally indicted in case number 94CR120322 for attempted murder in violation of R.C. 2903.02 and 2923.02. R.C.2903.02(A) provides that "no person shall purposely cause the death of another." Appellant was subsequently indicted in case number 1998CR050106 for felonious assault in violation of R.C.2903.11(A)(2). Such section provides in relevant part as follows: "No person shall knowingly cause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordinance, as defined in Section 2923.11 of the Revised Code." As this court stated in its August 6, 1996, Opinion, while Revised Code2903.11(A)(2) contains elements which are similar to attempted to murder, the two sections differ in two respects. First of all, to commit murder in violation of Revised Code 2903.02 one must act purposely. In contrast, Revised Code 2903.11 states that the comparable mental state for felonious assault is knowingly. Moreover, attempted murder requires an attempt to cause the death of another whereas, under R.C. 2903.11(A)(2), felonious assault requires an attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance. There is no statutory requirement that a deadly weapon or dangerous ordnance be used in an attempt to commit murder. Since attempted murder can be committed without automatically committing felonious assault under Revised Code 2903.11(A)(2), we find that felonious assault and attempted murder are, therefore, not allied offenses of similar import. Because attempted murder and felonious assault are of dissimilar import based on an abstract comparison of the statutory elements, appellant may be prosecuted and punished for both without violating the constitutional guarantees against double jeopardy. See Rance, supra. For the foregoing reasons, we find that the trial court did not err in failing to dismiss the indictment in case number 1998CR050106 since appellant had not been previously in jeopardy for the "same offense" within the meaning of the double jeopardy clauses of the United States and Ohio Constitutions. Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in his second assignment of error, maintains that the trial court erred in failing to dismiss the indictment since appellant had not been brought to trial within the time limits established by Ohio Revised Code Section 2945.71. Revised Code2945.71 provides in relevant part as follows:
"(C) A person whom a charge of felony is pending: . . .
 (2) shall be brought to trial within 270 days after his arrest."
As is stated above, appellant on June 22, 1998, filed a Motion to Dismiss. Appellant, in his motion, alleged in part that the indictment against him in Case Number 1998CR050106 should be dismissed since "the return of a new indictment for these charges three years after the indictment [in number 94CR120322] violates defendant's . . . right to a speedy trial. . . ." A Memorandum in Opposition to appellant's motion was filed by appellee on July 9, 1998. Thereafter, pursuant to a Judgment Entry filed on July 22, 1998, the trial court overruled appellant's motion for dismissal of the indictment on the specific grounds of double jeopardy and statutory speedy trial violations. A Motion for Reconsideration and Request for Findings of Fact and Conclusions of Law was filed by appellant on October 15, 1998. Appellant, in his motion, stated as follows:
 "Due to the rather complicated and difficult issues in this matter, defendant . . . is requesting the court . . . to issue findings of fact and conclusions of law concerning the decision."
However, the trial court pursuant to an entry filed on October 27, 1998, denied both appellant's Motion for Reconsideration and appellant's request for specific Findings of Fact and Conclusions of Law. Criminal Rule 12(E) provides, in relevant part, that "where factual issues are involved in determining a motion, the court shall state it's essential findings on the record." "A trial court must, upon the defendant's request, state essential findings of fact in support of its denial of a motion to discharge for failure to comply with the speedy trial provisions of R.C. 2945.71." State v. Brown (1992), 64 Ohio St.3d 476, 481, citing Bryan v. Knapp (1986),21 Ohio St.3d 64, 65. In order for a court to have a duty to issue findings of fact, there must be a request from the defendant. Id. In the case sub judice, such a request for written findings of fact was made by appellant's trial counsel after the trial court's denial of appellant's motion to dismiss. Since appellant made a timely request for findings of fact, we find that the trial court erred in failing to state its essential findings of fact in support of its denial of appellant's Motion to Dismiss on speedy trial grounds. Since the trial court failed to make such findings, this matter is reversed as to assignment number II and remanded to the trial court for the issuance of findings of fact and conclusions of law with respect to the denial of appellant's Motion to Dismiss on speedy trial grounds. The trial court, in its findings of fact and conclusions of law, specifically should enumerate its reasons for denying appellant's Motion to Dismiss on speedy trial grounds and should specifically clarify whether or not appellant was tried for felonious assault within the 270 days mandated by R.C. 2945.71(C)(2). These findings should include the numerical calculation, the reasons for each calculation and the conclusions of law supporting said calculations. Based on the foregoing, appellant's second assignment of error is sustained.
The Judgment of the Tuscarawas County Court of Common Pleas is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.
By EDWARDS, J. and GWIN, P.J., concur. FARMER, J. dissents.